| | |
|---|---|
| LABRANNON NIX, individually and on behalf of all others similarly situated;<br><br>                Plaintiff(s),<br>v.<br><br>ADAMS BEVERAGES OF NORTH CAROLINA, LLC<br><br>                Defendant. | Civil No. 3:19-cv-00669<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

Plaintiff, Labrannon Nix ("Nix" or "Plaintiff"), by and through counsel, individually and on behalf of all persons similarly situated, files this Collective and Class Action Complaint against Defendant Adams Beverages of North Carolina, LLC ("ABNC" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et. seq.* ("NCWHA").

Plaintiff alleges that Defendant violated the FLSA by: (1) failing to accurately track and pay all hours worked by its North Carolina warehouse employees in weeks they worked in excess of 40 hours; and (2) failing to calculate the correct overtime rate of pay for warehouse employees by not including bonuses in the regular rates of pay for warehouse workers. Furthermore, Defendant violated the NWWHA by failing to pay all earned regular wages to its North Carolina warehouse employees on their regularly scheduled paydays.

Plaintiff brings his claim for unpaid overtime compensation on behalf of himself and others similarly situated as an opt-in collective action pursuant to the FLSA. Furthermore, Plaintiff brings his claims for unpaid wages under the NCWHA on behalf of himself and all other similarly situated as an opt-out class action pursuant to Fed. R. Civ. P. 23.

## PARTIES

1. Nix is an adult individual who is a resident of Charlotte, North Carolina. Nix worked for Defendant during the three-year period preceding the filing of this Complaint. Nix's Consent to Become a Party Plaintiff form is attached hereto as Exhibit A.

2. ABNC is a North Carolina corporation registered and in good standing in the State of North Carolina, located at 7505 Statesville Road, Charlotte, North Carolina 28269-3704.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq*.

4. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

5. Venue is proper in this judicial district because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

6. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

7. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

13. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

14. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. ABNC is a beer and non-alcoholic beverage distributer with a distribution location in North Carolina.

16. In or about February 2016, ABNC hired Nix in the position of Warehouse Picker.

17. Nix worked in this position until on or about August 6, 2019, when his employment with ABNC terminated.

18. ABNC pays its warehouse employees an hourly rate, plus a performance bonus each paycheck based on the employee's production.

19. During his tenure with ABNC, Nix regularly worked in excess of 40 hours in a workweek including, but not limited to, the weeks of July 16, 2019 through July 31, 2019 and August 1, 2019 through August 15, 2019. For each pay period in which Nix worked overtime hours, ABNC consistently failed to pay Nix all of his earned overtime wages.

20. In addition to Nix, other ABNC's warehouse employees have worked in excess of 40 hours per week during one or more workweeks during the 3 year period preceding the filing of this Complaint and have not been paid all overtime compensation due and owing to them.

21. At all times during the 3 year period preceding the filing of this Complaint, ABNC paid Nix an overtime rate equivalent to 1.5x Nix's hourly payrate.

22. At all times during the 3 year period preceding the filing of this Complaint, ABNC did not include the additional compensation paid to Nix pursuant to the production bonus payment in its calculation of Nix's regular rate of pay, as required by the FLSA.

23. At all times during the 3 year period preceding the filing of this Complaint, ABNC paid its warehouse workers an overtime rate equivalent to 1.5x each warehouse worker's respective hourly rate.

24. At all times during the 3 year period preceding the filing of this Complaint, ABNC did not include the additional compensation paid to warehouse workers pursuant to the production bonus payment in its calculation of regular rates of pay for warehouse workers.

25. At all times during the 3 year period preceding the filing of this Complaint, ABNC provided a 40-minute meal period, plus two 10-minute breaks each workshift for Nix and other warehouse workers.

26. ABNC required Nix and other warehouse workers to clock out and clock in at the beginning and end of each 40-minute meal periods and each 10-minute break.

27. ABNC did not compensate Nix or other warehouse workers for the time spent on all breaks less than 20-minutes in length.

28. Nix and other similarly situated warehouse workers routinely worked 5 days per week and approximately 45 to 60 hours weekly.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings Count I of his Complaint pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 201 *et. seq*.

30. Defendant employs warehouse employees in North Carolina.

31. Nix is similarly situated to other current and former warehouse workers in that they share similar titles, job duties, and compensation schemes, including the uniform policy and practice of failing to include all compensation paid to Nix and other warehouse workers in the calculation of the appropriate regular rate of pay required under the FLSA. In addition, Nix and other similarly situated warehouse workers are all subject to ABNC' uniform policy and practice of failing to pay Nix and other warehouse workers for work breaks of 20 minutes or less.

32. Application of the aforementioned policies and practices are not dependent on the personal circumstances of individual warehouse workers, but rather affected Plaintiff and all putative collective action class members. Application of these policies or practices does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policies or practices that resulted in the failure to pay overtime at the rates required by the FLSA applied to Plaintiff and all putative collective action class members. Accordingly, the class is properly defined as: **All current and former North Carolina warehouse employees employed by Defendant within three years prior to the filing of this Complaint.**

33. Defendant willfully violated the provisions of the FLSA by failing to pay all current and former North Carolina warehouse employees employed by Defendant within three years prior to the filing of this Complaint in compliance with the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings Count II of his Complaint pursuant to Fed. R. Civ. P. 23 on behalf of himself and the following class: **All current and former North Carolina warehouse employees employed by Defendant within two years prior to the filing of this Complaint.**

35. This action under NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 95-25.7, is maintainable as a class action pursuant to Rule 23 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

36. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which it has control.

37. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of in excess of 100 individuals.

38. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

> (a) whether Defendant maintained a policy and practice of refusing to pay Plaintiff and the members of the proposed class for breaks of 20 minutes or less;
>
> (b) whether Defendant maintained a policy and practice of failing to pay all hours worked by Plaintiff and the members of the proposed class;
>
> (c) whether Defendant failed to timely pay Plaintiff and members of the proposed class promised and earned regular wages for all hours worked on their regular pay days; and
>
> (d) whether the policies and practices described above violate NCWHA §§ 95-25.6 and 95-25.7.

39. The damages suffered by the named Plaintiff and the members of the proposed class arise from the same nucleus of operative facts.

40. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages on their regular payday. The compensation policies and practices of Defendant affected all class

members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

41. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

42. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

43. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

### (Violation of FLSA – Collective Action)

44. Plaintiff incorporates by reference paragraphs 1 through 43 of his Complaint.

45. Count I arises from Defendant's violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiff and members of the proposed collective class.

46. Defendant also violated the FLSA by failing to pay Plaintiff and members of the proposed collective class the correct overtime premium rate of pay as required by the FLSA for all hours worked in excess of forty in a workweek.

47. Defendant's violation of the FLSA was willful.

## COUNT II

### (Violation of NCWHA – Class Action)

48. Plaintiff incorporates by reference paragraphs 1 through 47 of his Complaint.

49. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

50. Defendant violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 by failing to pay Plaintiff and similarly situated employees all promised and earned wage payments on the employees' regular payday for all hours worked.

51. Defendant's violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

b) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as a representative on behalf of all those similarly situated installation technicians, or any other similarly titled position;

c) An Order pursuant to the NCWHA finding Defendant liable for unpaid and untimely wages and liquidated damages equal in amount to the unpaid and untimely compensation due to Plaintiff and the class;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendant willfully violated provisions of the NCWHA by failing to comply with payday and wage deduction requirements of the NCWHA.

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all issues of fact.

>Respectfully submitted,
>
>/s/ Geoffrey A. Marcus
>Geoffrey A. Marcus, NCSB #54907
>Philip J. Gibbons, Jr., NCSB #50276
>Craig L. Leis, NCSB #48582
>**GIBBONS LEIS, PLLC**
>14045 Ballantyne Corporate Place, Ste. 325
>Charlotte, NC 28277
>Telephone: 704-612-0038
>Email: geoffrey@philgibbonslaw.com
>        phil@gibbonsleis.com
>        craig@gibbonsleis.com