IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-669-RJC-DCK

| | |
|---|---|
| LABRANNON NIX, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ADAMS BEVERAGES OF NORTH CAROLINA, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and upon stipulation of the parties, and with the concurrence of the Court,

1. Whereas Plaintiff's Complaint in this action sets forth claims brought on behalf of himself and others similarly situated for alleged unpaid overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and for alleged unpaid wages pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*

2. Whereas given the nature of Plaintiff's allegations, and to facilitate meaningful preliminary discussion between the parties regarding a potential early resolution and otherwise prepare the prosecution and defense of this matter, it will be necessary for the parties to exchange, utilize and rely on documents containing confidential, and/or proprietary information, including but not limited to business information and personnel information related to the challenged pay practices, which the parties have a legitimate interest in protecting from public disclosure; and

3. Whereas the Court concurs that the parties in this action have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that the following procedures shall be adopted for the protection of the confidential information identified in this Order:

### A. Scope of Protective Order

1. This Protective Order shall govern the use and disclosure of certain sensitive and confidential information designated in good faith by a party to this litigation as being "Confidential" or "Highly Confidential," as set forth below, and which is contained in (a) any documents, written discovery responses, or tangible evidence produced in this litigation by means of discovery and (b) any transcripts of depositions taken in this action. This Protective Order establishes a procedure for the expeditious handling of such Confidential or Highly Confidential information; it shall not be construed as an agreement or as creating any presumption on the confidentiality of any document.

2. The attorneys for the parties, and all others to whom any such designated Confidential or Highly Confidential information and material is disclosed, shall maintain such designated Confidential or Highly Confidential information and material in strict confidence, shall not disclose such designated Confidential or Highly Confidential information and material except in accordance with this Protective Order, and shall use such designated Confidential or Highly Confidential information and material solely for this litigation. All produced Confidential or Highly Confidential information and material shall be carefully maintained in secure facilities (such as law firm offices), and access to such Confidential or Highly

Confidential information and material shall be permitted only to persons properly having access thereto under the terms of this Protective Order.

## B. Confidential Matter

3. Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential." Deposition testimony may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in paragraph 5 of this section.

4. By designating materials as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive and confidential financial information, business information, personal information, trade secrets, or otherwise describe, contain or disclose internal company information, including commercial or financial information, that is held confidential within the company or by the producing party.

5. If depositions are conducted which involve Confidential information, each party shall have until twenty (20) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Confidential. Prior to the expiration of the twenty (20) day period, the entire deposition transcript shall be treated as Confidential information.

6. Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed only to the following persons:

6.1     Authors, originators, or original recipients of the Confidential information or material.

6.2     The named parties to this action.

6.3     To the extent the Confidential information relates to such person, any individual who, in this litigation, opts-in to a FLSA collective pursuant to 29 U.S.C. § 216(b) or any individual who, in this litigation, becomes a class member pursuant to a Fed. R. Civ. P. 23 certification.

6.4     Employees, officers and directors of a party to this action, to the extent that such employees, officers and directors have a need to know the Confidential information for the conduct of this litigation.

6.5     The attorneys for the respective parties in this litigation and employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, reviewing or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter.

6.6     The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings.  If a party wishes to use any Confidential information or materials in any affidavit, motion, brief, memorandum of law, or other papers filed in this Court in this litigation, the party will take all steps necessary to file such papers or portions of transcripts under seal.

6.7     Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions and hearings.

6.8 Non-party witnesses in a deposition, where the non-party witness was not an author, originator, or original recipient of the Confidential information or material, but only if consent is obtained from opposing counsel or the party proposing to disclose the material first provides the material to opposing counsel prior to providing Confidential information to the witness at the deposition. When Confidential information is shown to such a non-party witness in a deposition, the deponent and the deponent's counsel shall be provided a copy of this Protective Order and each shall acknowledge on the record that they have received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing the intent to be bound by its terms.

6.9 Experts retained by an attorney to whom disclosure may be made pursuant to Paragraph 6.5, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing his or her intent to be bound by its terms, including his or her agreement not to divulge any Confidential information or material to any other person, his or her agreement not to use any Confidential information or material for any purpose other than this litigation, his or her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his or her agreement to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him or her and all copies thereof and (b) all reports, correspondence and other tangible things in

his or her possession or control which contain any Confidential information or material disclosed to such expert.

7. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.

## C. Highly Confidential Information

8. Any party claiming that documents, written discovery responses, or tangible evidence constitute or include Highly Confidential information or material shall mark those portions of the material considered in good faith to be highly confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Highly Confidential – Attorneys' Eyes Only." Deposition testimony may be designated as "Highly Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Paragraph 10, below.

9. By designating materials as Highly Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely sensitive and confidential financial information, business information, personal information, or trade secrets, or otherwise describe, contain or disclose extremely sensitive and confidential internal company information that is held as confidential within the company or by the producing party.

10. If depositions are conducted which involve Highly Confidential information, each party shall have until twenty (20) days after receipt of the deposition transcript within which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated Highly Confidential. Prior to the expiration of the twenty (20) day period, the entire deposition transcript shall be treated as Highly Confidential information.

6

11. Highly Confidential information or material (including any copies thereof, notes made therefrom, and the information contained therein) may be disclosed by any non-designating party only to the following persons:

    11.1    Outside counsel, for any party in this action, who is engaged to advise or represent the party in the prosecution or defense of this action.

    11.2    Secretaries, paralegal assistants, and clerical personnel employed by counsel who are actively engaged in assisting counsel (as described in paragraph 11.1) with the prosecution or defense of this action.

    11.3    The Court and its personnel, as necessary in support of motions, pleadings and other court papers and proceedings. If a party wishes to use any Highly Confidential information or materials in any affidavit, motion, brief, memorandum of law, or other papers filed in this Court in this litigation, the party will take all steps necessary to file such papers or portions of transcripts under seal.

    11.4    Experts retained by an attorney but only to the extent that the expert, prior to receiving any Highly Confidential information or material, has received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) evidencing his or her intent to be bound by its terms, including his or her agreement not to divulge any Highly Confidential information or material to any other person, his or her agreement not to use any Highly Confidential information or material for any purpose other than this litigation, his or her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his or her agreement to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Highly

7

Case 3:19-cv-00669-RJC-DCK   Document 15   Filed 06/04/20   Page 7 of 12

Confidential information and material received by him or her and all copies thereof and (b) all reports, correspondence and other tangible things in his or her possession or control which contain any Highly Confidential information, or material disclosed to such expert.

11.5 Any person who a document on its face indicates has seen or been sent the document or a copy of it, such as authors, recipients, or signatories, to the extent reasonably and in good faith deemed necessary by counsel for the prosecution or defense of this action.

12. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of their own documents, information, or materials. Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or to apply to the Court for protection of other documents, information, or things.

### D. Confidentiality Challenge

13. Any party may challenge any designation of "Confidential" or "Highly Confidential" by giving written notice to the other party that makes the designation (which notice shall specify with particularity the challenged document or other matter). Within ten business days of receipt of such notice, the party or third party must determine whether to withdraw the designation. If the designation is withdrawn, the party or third party shall give written notice of the change and shall substitute undesignated copies of the items. If the designation is not withdrawn, the party making the challenge may file a motion with the Court with respect thereto.

14. The parties agree that, before seeking any relief from the Court, they will make a good faith effort to resolve any disputes concerning the appropriate treatment of such materials.

Until this Court enters an Order resolving the Motion, the materials shall be treated in accordance with their initial designation.

### E. No Waiver of Privilege

15. To expedite the production of information, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document"). Inadvertent production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document. Within five business days, the producing party shall produce or supplement a privilege log stating the basis for the assertion of privilege with respect to that Privileged Document. If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege.

16. The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure, including without limitation any protections due to inadvertent disclosure under Rule 502(b) of the Federal Rules of Evidence and Fed. R. Civ. P. 26(b)(5).

### F. Termination

17. After the termination of this action, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential or Highly Confidential information or materials have been disclosed or communicated.

### G. Return of Documents

18. No later than thirty (30) days following the "conclusion of these proceedings" as defined herein, counsel shall return all documents and materials designated as Confidential or Highly Confidential to counsel for the other party, together with all abstracts, copies, and other documents containing any information contained within the documents (except that counsel for each party may maintain in its files its own privileged work product and copies of each document filed with the Court and copies of each deposition taken). Alternatively, the parties may agree upon appropriate methods of destruction. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or settlement and, if concluded by trial, the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

19. This Order does not preclude a party from retaining custody of its own Confidential or Highly Confidential information or material at the "conclusion of these proceedings" as defined in paragraph 18 when not commingled with confidential information of other persons or parties.

### H. Modification

20. This Order may be modified in the event that the parties agree in writing to a modification of the provisions and such modification is approved by this Court. No party shall be prejudiced by having stipulated to this Order.

### I. Remedies

21. The parties expressly acknowledge and agree that all remedies under Fed. R. Civ. P. 37 will be available to the Court, in its discretion.

## J. Retention of Jurisdiction

22. The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction during this action for the purpose of enforcing this Order.

## K. Other

23. Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to particular material designated hereunder.

Signed: June 4, 2020

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ hereby acknowledge that I have received a copy of the Consent Protective Order entered in the matter of *Labrannon Nix v. Adams Beverages of North Carolina, LLC*, in the United States District Court for the Western District of North Carolina, Civil Action No. 3:19-cv-00669. I have read and agree to be bound by all of the provisions of the Consent Protective Order. I agree (a) not to divulge any Confidential or Highly Confidential information or materials to any other person; and (b) not to use any Confidential or Highly Confidential information or materials for any purpose other than this litigation. In addition, I consent to the jurisdiction and contempt power of the United States District Court for the Western District of North Carolina with respect to the enforcement of the Consent Protective Order.

DATED _____, 20__.

_____
Signature

_____
Print Name